1  RONALD I. RAETHER (SBN 303118)
   JONATHAN H. YEE (SBN)
2  JESSICA R. LOHR (SBN 302348)
   **TROUTMAN SANDERS LLP**
3  5 Park Plaza, Suite 1400
   Irvine, CA 92614-2545
4  Telephone:  (949) 622-2722
   Facsimile:  (949) 622-2739
5  ronald.raether@troutman.com
   jonathan.yee@troutman.com
6  jessica.lohr@troutman.com

7  Attorneys for Defendants
   RealPage, Inc. and RP On-Site LLC
8

9                   **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11

12  CHAUNCEY GEORGE,                    Case No.

13              Plaintiff,              **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

14  v.

15  ON-SITE, REALPAGE, INC.,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Please take notice that Defendants RealPage, Inc. and RP On-Site LLC, improperly named as "On-Site," (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of San Francisco, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because this Court has subject matter jurisdiction over this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, Defendants remove this action and in support of Removal state the following:

## I. BACKGROUND

1. On October 12, 2018, Plaintiff Chauncey George ("Plaintiff") filed a Complaint against Defendants in the Superior Court for the State of California, County of San Francisco, Case No. CGC-18-570503 (the "State Court Action").

2. On October 18, 2018, Defendants were served with the Complaint and Summons in the State Court Action.

3. The Complaint alleges that Defendants violated the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* ("CCRAA"), the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.* ("ICRAA"), and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL"). Plaintiff seeks statutory damages or actual damages, punitive damages, injunctive relief, and costs and attorney's fees.

## II. DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

4. Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332, which provides that the district court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. As demonstrated in more detail below, (1) the citizenship of

1  Plaintiff is diverse from that of Defendants and (2) the matter in controversy
2  exceeds the sum of $75,000.00, exclusive of interest and costs.

3   5. At the time of the commencement of the State Court Action, Plaintiff
4  was an individual residing in California. (Compl., p. 5). Accordingly, for diversity
5  purposes, Plaintiff is a citizen of California.

6   6. At the time of the commencement of the State Court Action, RealPage,
7  Inc. was, and still is, a Delaware corporation, with its principal place of business in
8  Texas. Furthermore, at the time of the commencement of the State Court Action,
9  RP On-Site LLC was, and still is, a Delaware limited liability company, whose sole
10 member is RealPage, Inc.

11  7. For purposes of diversity, a corporation is a "citizen of the State where
12 it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 93
13 (2010). Accordingly, for diversity purposes, RealPage, Inc. is a citizen of Texas.
14 And, for purposes of diversity jurisdiction, a limited liability company "is a citizen
15 of every state of which its owners/members are citizens." *Johnson v. Columbia*
16 *Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because RP On-Site
17 LLC's sole member—RealPage, Inc.—is a citizen of Texas, RP On-Site LLC is
18 also a citizen of Texas.

19  8. The only parties to this case are Plaintiff and Defendants. Based on
20 the foregoing, complete diversity of citizenship exists.

21  9. Further, pursuant to 28 U.S.C. §1446(c)(2)(B), removal of the action is
22 proper on the basis that the amount in controversy exceeds $75,000. *Gibson v.*
23 *Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001) ("A defendant attempting to
24 remove a diversity case must show by a preponderance of the evidence that the
25 amount-in-controversy requirement is satisfied"). Although Defendants concede no
26 liability on Plaintiff's claims, and do not concede the propriety or breadth of the
27 alleged damages, assuming the allegations in the Complaint are true, the amount-in-
28 controversy requirement is satisfied – *i.e.*, the matter in controversy exceeds the

1  sum or value of $75,000.00, exclusive of interest and costs.

2      10.    Plaintiff's demand for statutory penalties, punitive damages, actual damages, and attorneys' fees should be considered by the Court in determining the amount in controversy.

    11.    Based on the alleged claims in the first, third, and fourth causes of action, Plaintiff seeks to recover: at least $30,000 in statutory damages for three alleged violations of the ICRAA, or alternatively, for actual damages comprised of Plaintiff's "significant emotional distress and incurred expenses."

    12.    Plaintiff also seeks to recover a punitive damages award in an unspecified amount pursuant to Defendants' allegedly willful violations of the ICRAA.  (Compl., ¶¶ 64, 72, 77.)  For purposes of calculating the amount in controversy, punitive damages should be considered when they are recoverable as a matter of law. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)).

    13.    The above figures also do not include attorneys' fees, which Plaintiff also seeks in this case.  Because the fees sought are authorized by statute, an estimate of attorneys' fees may be considered and aggregated to determine the amount in controversy. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 999-1000 (9th Cir. 2007), overruled on other grounds as recognized by *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013), ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); Cal. Civ. Code § 1785.31(d) (prevailing party in CCRAA action entitled to court costs and attorneys' fees); Cal Civ. Code § 1786.50 (same).  Although attorneys' fees cannot be precisely calculated, and while attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged actual, statutory, and punitive damages requested, the jurisdictional minimum is satisfied.

14. The amount in controversy was also recently confirmed via correspondence with Plaintiff's counsel, *See* **Exhibit A**, who thereafter confirmed during a phone call that Plaintiff would be seeking in excess of $75,000 in connection with this case.

15. In sum, Plaintiff's claims for actual damages, statutory damages and punitive damages, in combination with her claims for attorney's fees, exceed the sum or value of $75,000.

**III. COMPLIANCE WITH STATUTORY REQUIREMENTS**

16. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are collectively attached hereto as **Exhibit B**. Upon information and belief, no other related process, pleadings, or orders, including the complaints, have been served upon Defendants.

17. Because Defendants were served with the Complaint on November 18, 2018, their removal is timely because it is within thirty (30) days of service of the Complaint, as required by 28 U.S.C. § 1446(b)(1).

18. Removal is proper pursuant to 28 U.S.C. § 1446(b)(2), because Defendants are the only named defendants in this case.

19. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending. Specifically, Plaintiff filed this action in the Superior Court for the State of California, County of San Francisco, (*see* Ex. A), which is located within the Northern District of California. Therefore, this action may be removed to this Court.

20. In accordance with 28 U.S.C. § 1446(d), a copy of Defendants' Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court for the State of California, County of San Francisco.

21. In accordance with 28 U.S.C. § 1446(d), Defendants are also contemporaneously serving this Notice of Removal on all adverse parties.

## IV. RESERVATION OF RIGHTS

22. Defendants deny the allegations contained in Plaintiff's Complaint and file this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

23. Further, in making the allegations in this Notice of Removal, Defendants do not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

24. Defendants also reserve the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Defendants expressly request the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, in accordance with the authorities set forth above, Defendants hereby remove this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California and requests such other and further relief as the Court deems appropriate and just.

Dated:   November 16, 2018               **TROUTMAN SANDERS LLP**

                                         By: */s/ Jessica Lohr*
                                             Ronald I. Raether
                                             Jonathan H. Yee
                                             Jessica R. Lohr

                                             Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 16, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any counsel who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first-class mail, facsimile, and/or overnight delivery.

*/s/ Jessica R. Lohr*
Jessica R. Lohr