# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

On-Site, RealPage, Inc., and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Chauncey George

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

400 McAllister St.
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-18-570503

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig Davis (268194), 912 Cole Street, Suite 102, San Francisco, CA 94117-4316; Tel: 415.857.5820

DATE: October 12, 2018        DEPUTY CLERK        Clerk, by _____BOWMAN LAU_____, Deputy
*(Fecha)*   OCT 12 2018                            *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: RealPage, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☑ by personal delivery on *(date)*: 10/16/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT B
PAGE 3

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS
Chauncey George

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*
Unknown

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bay Area Legal Aid: Kari Rudd, Juliana Fredman; 1800 Market Street, 3d Floor, San Francisco, CA 94018; (415) 982-1300.  Law Offices of Craig Davis: Craig Davis; 912 Cole Street, Suite 102, San Francisco, CA 94117; (415) 857-5820

## DEFENDANTS
On-Site; RealPage, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
              THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Troutman Sanders LLP: Ronald I. Raether, Jr., Jonathan H. Yee, Jessica R. Lohr; 5 Park Plaza, Suite 1400, Irvine, CA 92614; (949) 622-2722

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
        *(U.S. Government Not a Party)*

☒ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC § 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC § 157 | ☐ 376 Qui Tam (31 USC § 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 710 Fair Labor Standards Act | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment Of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 720 Labor/Management Relations | ☐ 830 Patent | ☐ 430 Banks and Banking |
| | ☐ 340 Marine | | ☐ 740 Railway Labor Act | ☐ 835 Patent–Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 751 Family and Medical Leave Act | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 790 Other Labor Litigation | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury -Medical Malpractice | ☐ 385 Property Damage Product Liability | **IMMIGRATION** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 462 Naturalization Application | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 465 Other Immigration Actions | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 440 Other Civil Rights | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC § 7609 | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 445 Amer. w/Disabilities– Employment | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 446 Amer. w/Disabilities–Other | **OTHER:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation–Transfer   ☐ 8 Multidistrict Litigation–Direct File

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Plaintiff alleges violations of the CCRAA and the California Unfair Competition Law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 0.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

## IX.  DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*
☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA-MCKINLEYVILLE

DATE   November 16, 2018   SIGNATURE OF ATTORNEY OF RECORD   /s/ Jessica R. Lohr

American LegalNet, Inc.
www.FormsWorkFlow.com

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

OCT 12 2018

CLERK OF THE COURT
BY: _____
BOWMAN LIU
Deputy Clerk

1  Kari A. Rudd (SBN 268288)
2  Juliana Fredman (SBN 282924)
   BAY AREA LEGAL AID
3  1800 Market Street, 3rd Fl.
   San Francisco, CA 94018
4  Tel:   415-982-1300
   Fax:   415-982-4243
5  KRudd@baylegal.org
   JFredman@baylegal.org
6

7  Craig Davis (SBN 268194)
   LAW OFFICES OF CRAIG DAVIS
8  912 Cole Street, Suite 102
   San Francisco, CA 94117-4316
9  Tel.:   415.857.5820
   Fax:   415.795.4595
10 cdavis@craigdavislaw.com

11

12 Attorneys for Plaintiff
   Chauncey George
13

14

15          SUPERIOR COURT OF THE STATE OF CALIFORNIA

16               COUNTY OF SAN FRANCISCO

17                UNLIMITED JURISDICTION

18

19 Chauncey George,                    Case No.   CGC-18-570503

20                Plaintiff,           COMPLAINT FOR DAMAGES AND
                                       INJUNCTIVE RELIEF
21          v.
                                       1.   Cal. Civ. Code § 1786.20(b)
22 On-Site,                            2.   Cal. Civ. Code § 1785.14(b)
   RealPage, Inc.,                     3.   Cal. Civ. Code § 1786.18(c)
23 and DOES 1-10,                      4.   Cal. Civ. Code § 1786.24(g)
                                       5.   Cal. Civ. Code § 1785.16(d)
24                Defendants.          6.   Cal. Bus. and Prof. Code § 17200 *et seq.*

25

26                                     JURY TRIAL DEMANDED

27

28

Plaintiff Chauncey George, based on information and belief, alleges as follows:

## INTRODUCTION

1.     Plaintiff Chauncey George applied for rental housing at Crescent Park Apartments, an affordable housing community in Richmond, California.

2.     Crescent Park determined that George was ineligible based on a tenant screening report obtained from defendant On-Site. The report inaccurately stated that George had been convicted of three misdemeanors just six months before the date of the report.

3.     This inaccuracy in On-Site's tenant screening report appears to have arisen from systematic errors in On-Site's procedures for collecting and evaluating criminal records information.

4.     George repeatedly disputed this inaccuracy and requested that On-Site correct the underlying problem. On-Site never responded to George, leading him to now seek redress in court.

## PARTIES

5.     Plaintiff Chauncey George ("George" or "Plaintiff") is an individual and at all relevant times mentioned herein was a resident of the State of California.

6.     Plaintiff is informed and believes and on that basis alleges that defendant On-Site ("On-Site") is a corporation organized and existing under the laws of the State of California.

7.     Plaintiff is informed and believes and on that basis alleges that defendant RealPage, Inc. ("RealPage") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Texas; that RealPage acquired part of On-Site in August 2017; and that RealPage is at least partly responsible for managing On-Site's operations.

8.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff is informed and believes and on that basis alleges that each of these fictitiously-named defendants contributed to and is liable for the injuries to Plaintiff that are alleged in this complaint.

9.     Plaintiff is informed and believes and on that basis alleges that, at all times herein mentioned, defendants DOES 1-10 were agents of each other and of the named defendants and, in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of defendants.

EXHIBIT B
PAGE 6

## JURISDICTION AND VENUE

10.     Venue and jurisdiction are proper in this Court pursuant to Code of Civil Procedure Sections 395 and 395.5.

## STATUTORY BACKGROUND

11.     In California, two statutes govern the sale and use of consumer reports: the Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code[1] § 1785.1 et seq.) and the Investigative Consumer Reporting Agencies Act ("ICRAA") (§ 1786 et seq.).

12.     The Legislature recognized that consumer reporting agencies play a "vital role" in "meeting the needs of commerce" for information on consumers, and that there is a need to ensure that these consumer reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." (§§ 1785.1(b)-(d), 1786(a)-(b), (f).)

13.     A central purpose of both the CCRAA and the ICRAA is to require consumer reporting agencies to "adopt reasonable procedures" for selling information about consumers "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization" of such information. (§§ 1785.1(d), 1786(f).)

14.     The CCRAA governs "consumer credit reporting agencies," which are defined, in relevant part, as "any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties." (§ 1785.3(d).)

15.     The ICRAA governs "investigative consumer reporting agencies," which are defined, in relevant part, as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties." (§ 1786.2(d).)

16.     There is substantial overlap between the CCRAA and the ICRAA.

---

[1] All further statutory references are to the California Civil Code unless otherwise indicated.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    3

17.     Both the CCRAA and the ICRAA govern consumer reports that are to be used for tenant screening purposes (§§ 1785.3(c)(3), 1786.2(b)), and both the CCRAA and the ICRAA regulate the reporting of criminal records information. (§§ 1785.13(a)(6), 1786.18(a)(7).)

18.     A criminal background check report that is to be used for tenant screening purposes is thus both a "consumer credit report" under the CCRAA and an "investigative consumer report" under the ICRAA. (§§ 1785.3(c), 1786.2(b)-(c).)

19.     The CCRAA and the ICRAA both require consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." (§§ 1785.14(b), 1786.20(b).)

20.     The ICRAA further requires that "an investigative consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, [or] conviction . . . unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished." (§ 1786.18(c).)

21.     If a consumer disputes the accuracy of any information in a criminal background check report, the consumer reporting agency "shall, without charge, reinvestigate and record the current status of the disputed information or delete the item from the file" within 30 days of receiving the dispute (§ 1786.24(a)), and must provide a written notice to the consumer that details the results of any reinvestigation. (§§ 1785.16(d), 1786.24(g).)

22.     An investigative consumer reporting agency that fails to comply with any requirement of the ICRAA is liable for the greater of $10,000 per violation, or actual damages sustained by the subject of the report, as well as reasonable attorneys' fees and costs of suit for the prevailing plaintiff. (§ 1786.50(a).) If an investigative consumer reporting agency's violations are grossly negligent or willful, it may be liable for punitive damages. (§1786.50(b).)

23.     Any person who is aggrieved by a violation or threatened violation of the CCRAA and who seeks and obtains injunctive relief to compel compliance with the CCRAA shall be awarded court costs and attorneys' fees pursuant to Section 1021.5 of the California Code of Civil Procedure. (§ 1785.31(b), (f).)

EXHIBIT B
PAGE 8

## FACTUAL ALLEGATIONS

24.    Crescent Park is an apartment community in Richmond, California, that provides affordable housing for low-income households.

25.    The Crescent Park Resident Selection Criteria states that an applicant will be rejected for "more than one (1) misdemeanor *in the past three (3) years*." (Emphasis added.)

26.    Plaintiff Chauncey George is a low-income senior and the caretaker for his grandson, for whom he has custody.

27.    George applied for affordable housing at Crescent Park for himself and his family.

28.    Crescent Park later ordered a tenant screening report on George from On-Site.

29.    On-Site regularly engages in the business of assembling and evaluating criminal records information about rental housing applicants for the purpose of including that information in the tenant screening reports that it sells to landlords and property managers.

30.    On-Site is thus an "investigative consumer reporting agency" that sells "investigative consumer reports" containing criminal records information to third parties for the purpose of screening potential tenants for rental housing.

31.    On-Site is also a "consumer credit reporting agency" under the CCRAA, and the criminal background check reports that it regularly sells for tenant screening purposes are "consumer credit reports" under the CCRAA. (§ 1785.3(c), (d).)

32.    The criminal records information in On-Site's tenant screening reports are not obtained through personal interviews.

33.    On or about October 18, 2016, On-Site sold a tenant screening report to Crescent Park in connection with George's rental housing application (the "**Rental Report**"), a redacted excerpt of which is attached as **Exhibit A**.

34.    The Rental Report included the following in the "Criminal History" section:

| County | Charges |
|---|---|
| Contra Costa County | 4/19/2016 – Misdemeanor (Guilty) |
|  | 4/19/2016 – Misdemeanor (Guilty) |
|  | 4/19/2016 – Misdemeanor (Guilty) |

1    35.    This Criminal History falsely indicated that George had been charged and/or found

2    guilty of three misdemeanors on April 19, 2016, just six months prior to the Rental Report.

3    36.    Although George has three misdemeanors arising from a single incident in July 2010,

4    the actual disposition date for each misdemeanor charge is April 19, *2013*, not April 19, 2016.

5    37.    On October 31, 2016, Crescent Park sent George a "Notice of Application

6    Ineligibility" letter (attached as **Exhibit B**) stating that his "application had been determined to be

7    ineligible" because of "adverse consumer credit information" obtained in On-Site's Rental Report.

8    38.    On-Site's Rental Report stated that the "Overall Recommendation" for George's

9    rental housing application had been "automatically set to Decline" because George had failed to

10   meet one of the "Pass/Fail" requirements in Crescent Park's leasing criteria. On-Site emphasized

11   that "[t]he Overall Recommendation was derived solely from [Crescent Park's] leasing criteria" and

12   that "On-Site makes no independent assessment of an applicant's qualifications." (Exhibit A at 1).

13   39.    According to On-Site, George passed all but one of Crescent Park's Pass/Fail

14   requirements. George purportedly failed: "Has not had more than 1 misdemeanor conviction." (*Id.*).

15   40.    However, Crescent Park's leasing criteria only excludes applicants with more than

16   one misdemeanor *in the past three years*. Thus, On-Site's inaccurate reporting of the disposition dates

17   as April 19, *2016* improperly rendered George ineligible for rental housing at Crescent Park.

18   41.    If On-Site had accurately reported the disposition dates, George would have been

19   eligible under Crescent Park's selection criteria because his 2013 misdemeanor convictions had

20   occurred over three and a half years prior to the Rental Report. (In fact, Crescent Park later

21   confirmed that George should not have be denied and that he had satisfied its leasing criteria.)

22   42.    The Rental Report "illustrates how important it is for . . . a company that traffics in

23   the reputations of ordinary people[ ] to train its employees to understand the legal significance of the

24   documents they rely on." *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1071 (9th Cir. 2008).

25   43.    At the time On-Site prepared the Rental Report on George, it knew, or should have

26   known, that the actual disposition dates were three years earlier, on April 19, 2013.

27   44.    By reporting the April 19, 2016 date in its Rental Report, it appears that On-Site

28   improperly relied on the probation release date—not the conviction date—when determining the

1    disposition date of a misdemeanor conviction. (The court in George's misdemeanor case had

2    imposed three years of probation, which ended on April 19, 2016.)

3         45.    After receiving the October 31, 2016 Notice of Application Ineligibility, George

4    submitted a dispute using a "Rental Dispute Form" provided by On-Site (attached as **Exhibit C**).

5    George disputed the "incorrect dates" for the criminal records and attached court records from

6    Contra Costa County which showed that the disposition dates were actually April 19, 2013.

7         46.    On January 5, 2017, Bay Area Legal Aid sent a letter to On-Site with a copy of

8    George's dispute. The letter (1) explained that On-Site had misreported the disposition dates and (2)

9    asked that On-Site promptly correct its error, issue a new report to Crescent Park, and send a copy

10   of the corrected report to Bay Area Legal Aid. Enclosed with the letter were a copy of George's

11   driver's license and a signed authorization from George that permitted On-Site to release this

12   information to Bay Area Legal Aid.

13        47.    On-Site never responded to George nor his attorneys at Bay Area Legal Aid.

14        48.    Having received no reply to his prior dispute, George sent another letter to On-Site

15   by certified mail on November 27, 2017, and again asked for a copy of his On-Site report.

16        49.    On-Site never responded to George.

17        50.    RealPage acquired On-Site in or around August 2017.

18        51.    The On-Site website now states that rental housing applicants may submit disputes

19   regarding an On-Site report to: Renter Relations, On-Site c/o RealPage, 2201 Lakeside Boulevard,

20   Richardson, TX 75082. [http://www.on-site.com/renter-relations/ (last visited October 10, 2018).]

21        52.    Thus, upon information and belief, RealPage is now at least partially responsible for

22   responding to disputes regarding On-Site's tenant screening reports.

23        53.    On August 10, 2018, Bay Area Legal Aid sent a letter to On-Site and RealPage

24   requesting that they immediately correct the errors in George's Rental Report and respond to

25   George's dispute with an updated copy of the report. The letter included a signed authorization

26   from George that permitted them to communicate with his attorneys regarding his dispute.

27        54.    Bay Area Legal Aid's letter also requested that On-Site change its policies and

28   procedures to ensure that criminal records information is reported from the date of conviction (not

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    7

1    the end-date of probation) and that only the conviction date is used in making any recommendation

2    to "approve" or "deny" a housing applicant.

3        55.    On-Site did not respond to this August 10, 2018 letter from Bay Area Legal Aid.

4        56.    On-Site has never responded to any of George's disputes.

5        57.    As a direct result of the inaccurate information in the Rental Report, George was

6    removed from his spot on the waitlist at Crescent Park. George has suffered significant emotional

7    distress and incurred expenses when attempting to correct the inaccurate Rental Report and regain

8    a spot on the waitlist at Crescent Park. George continues to experience emotional distress and

9    frustration because he doesn't know whether On-Site ever corrected his tenant screening report.

10        58.    The defendants appear to have a systematic practice of inaccurately reporting the

11    disposition dates of criminal records information in their tenant screening reports. This practice

12    causes rental housing applicants like George to be denied housing even when they meet a housing

13    provider's eligibility criteria.

14        59.    The defendants also appear to have a systematic deficiency in their processes for

15    responding to rental housing applicants who dispute inaccuracies in On-Site's screening reports.

16                           **FIRST CAUSE OF ACTION**

17              **(Violations of California Civil Code § 1786.20(b))**

18                        **(Against All Defendants)**

19        60.    George hereby incorporates by reference the preceding paragraphs.

20        61.    Defendants failed to "follow reasonable procedures to assure maximum possible

21    accuracy of the information" they reported about George, in violation of section 1786.20(b).

22        62.    Defendants failed to accurately report criminal records information when preparing

23    and issuing the Rental Report about George.

24        63.    Defendants' violations were willful and/or grossly negligent.

25        64.    Defendants' violations entitle George to damages including, but not limited to, the

26    actual harms suffered by George as a direct legal, proximate, and foreseeable result of defendants'

27    violations, or statutory damages of $10,000, and punitive damages. (§ 1786.50(a)-(b).)

28

EXHIBIT B
PAGE 12

## SECOND CAUSE OF ACTION

### (Violations of California Civil Code § 1785.14(b))

### (Against All Defendants)

65.    George hereby incorporates by reference the preceding paragraphs.

66.    Defendants fail to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," in violation of section 1785.14(b).

67.    George has been aggrieved by defendants' violations of this requirement, and George and other California rental housing applicants are aggrieved by defendants' threatened violations of this requirement when preparing any future consumer reports on them.

68.    George is entitled to seek injunctive relief to compel defendants' compliance with this requirement in the CCRAA. (§ 1785.31(b), (d).)

## THIRD CAUSE OF ACTION

### (Violations of California Civil Code § 1786.18(c))

### (Against All Defendants)

69.    George hereby incorporates by reference the preceding paragraphs.

70.    Defendants failed to verify the accuracy of the criminal records information about George during the 30-day period ending on the date on which the Rental Report was furnished, in violation of section 1786.18(c).

71.    Defendants' violations were willful and/or grossly negligent.

72.    Defendants' violations entitle George to damages including, but not limited to, the actual harms suffered by George as a direct legal, proximate, and foreseeable result of defendants' violations, or statutory damages of $10,000, and punitive damages. (§ 1786.50(a)-(b).)

## FOURTH CAUSE OF ACTION

### (Violations of California Civil Code § 1786.24(g))

### (Against All Defendants)

73.    George hereby incorporates by reference the preceding paragraphs.

74.    "An investigative consumer reporting agency shall provide notice to the consumer of

EXHIBIT B
PAGE 13

1  the results of any reinvestigation . . . by mail or, if authorized by the consumer for that purpose, by

2  other means available." (§ 1786.24(g).) This notice shall also include "a notice that, if requested by

3  the consumer, a description of the procedure used to determine the accuracy and completeness of

4  the information shall be provided to the consumer by the investigative consumer reporting agency,

5  including the name, business address, and telephone number of any furnisher of information

6  contacted in connection with that information." (*Id.*)

7       75.    Defendants never provided any such notice, in violation of section 1786.24(g).

8       76.    Defendants' violations were willful and/or grossly negligent.

9       77.    Defendants' violations entitle George to damages including, but not limited to, the

10  actual harms suffered by George as a direct legal, proximate, and foreseeable result of defendants'

11  violations, or statutory damages of $10,000, and punitive damages. (§ 1786.50(a)-(b).)

12                          **FIFTH CAUSE OF ACTION**

13                **(Violations of California Civil Code § 1785.16(d))**

14                          **(Against All Defendants)**

15       78.    George hereby incorporates by reference the preceding paragraphs.

16       79.    "A consumer credit reporting agency shall provide written notice to the consumer of

17  the results of any reinvestigation." (§ 1785.16(d).) This notice shall also include "a notice that, if

18  requested by the consumer, a description of the procedure used to determine the accuracy and

19  completeness of the information shall be provided to the consumer by the consumer credit reporting

20  agency, including the name, business address, and telephone number of any furnisher of

21  information contacted in connection with that information. . ." (*Id.*)

22       80.    Defendants never provided any such notice, in violation of section 1785.16(d).

23       81.    George has been aggrieved by defendants' violations of this requirement, and George

24  and other California rental housing applicants are aggrieved by defendants' threatened violations of

25  this requirement when preparing any future consumer reports on them.

26       82.    George is entitled to seek injunctive relief to compel defendants' compliance with this

27  requirement in the CCRAA. (§ 1785.31(b), (d).)

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    10

EXHIBIT B
PAGE 14

## SIXTH CAUSE OF ACTION

### (Violations of Business and Professions Code § 17200 *et seq.*)

### (Against All Defendants)

83.    George hereby incorporates by reference the preceding paragraphs.

84.    The Unfair Competition Law ("UCL") defines unfair competition to include any "unlawful, unfair, or fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200 *et seq.*

85.    Defendants engaged in unlawful and unfair business practices under the UCL by violating multiple sections of the ICRAA and the CCRAA.

86.    George was injured in fact and lost money or property as a result of these unlawful and unfair business practices. George incurred costs—including mailing costs and transportation costs—while attempting to correct the errors in defendants' inaccurate and unlawful consumer reports.

87.    George is entitled to seek injunctive relief to prevent defendants' use of any practice which constitutes unfair competition. (Cal. Bus. & Prof. Code § 17203.)

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against defendants as follows:

1.    For statutory damages of $10,000 per violation of the ICRAA, or damages to be proven at trial, whichever is greater;

2.    For punitive damages;

3.    For declaratory relief;

4.    For injunctive relief to protect George against defendants' further reporting of outdated, incomplete, and/or inaccurate information about him;

5.    For public injunctive relief to ensure defendants' compliance with both the CCRAA and the ICRAA;

6.    For costs of suit herein incurred;

7.    For reasonable attorneys' fees;

8.    For interest as allowed by law; and

9.    For such other and further relief as the Court may deem proper.

Dated: October 12, 2018

Craig Davis
LAW OFFICES OF CRAIG DAVIS
Attorney for Plaintiff Chauncey George

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on the claims so triable.

Dated: October 12, 2018

Craig Davis
LAW OFFICES OF CRAIG DAVIS
Attorney for Plaintiff Chauncey George

EXHIBIT B
PAGE 16

# Exhibit A

Rental Report for Chauncey George, 10/14/2016 at CRESL   r PARK

<u>NOTICE</u>: Required notices and receipts to be given
to the applicant(s) are included at the end of this printout.

## Rental Report for Chauncey George

### Overall Recommendation

| DECLINE | This application does not meet one or more of your requirements that is set to "Pass/Fail". This recommendation has been automatically set to Decline. The Overall Recommendation was derived solely from your community's leasing criteria. On-Site makes no independent assessment of an applicant's qualifications. |
|---|---|

### Score for Chauncey George: DECLINE

| | Importance | Pass | Fail |
|---|---|---|---|
| Total monthly income to rent ratio exceeds 2.5 | Not Considered | N/A | |
| Gross monthly income after rent and estimated debt exceeds $1,000.00 | Not Considered | N/A | |
| Maximum percentage of past due negative accounts is less than 50.0% | Not Considered | N/A | |
| Unpaid collections and grossly delinquent past due balances do not exceed $5,000.00 | Pass/Fail | ✓ | |
| May have been through a bankruptcy | Pass/Fail | ✓ | |
| No Landlord Tenant Court records or unpaid landlord collections in the last 5 years | Pass/Fail | ✓ | |
| Has not had more than 1 misdemeanor conviction | Pass/Fail | | ✓ |
| Has not had any felony convictions | Pass/Fail | ✓ | |
| Is not a registered sex offender | Pass/Fail | ✓ | |

This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. An applicant who is the subject of this report may obtain a free copy at any time by contacting On-Site Renter Relations. *El solicitante que es objeto de este informe puede obtener una copia gratuita por contactar On-Site Renter Relations.*

### WARNINGS

**APPLICANT: Inquiry/On-File Current Address Conflict (Experian)**
The applicant's address does not match the address on record with the credit bureau. This could indicate fraudulent activity; you should verify that the address supplied is valid. Before proceeding you must verify that the information in the report relates to the actual applicant in question as required under FCRA Section 605(h). Review our bulletin for information on compliance.

**SPECIAL CONDITION: misdemeanor found**
On-Site.com identified a misdemeanor on this report. This recommendation has been automatically set to Decline.





EXHIBIT B
PAGE 18

Rental Report for Chauncey George, 10/14/2016 at CREST   T PARK

| Credit Quick Summary |
|---|
| REDACTED |

| Identity | From Application | From Experian |
|---|---|---|
| Name: | Chauncey George | REDACTED |
| SSN: | | REDACTED |
| Birth Date: | | |

| Addresses | From Application | From Experian |
|---|---|---|
| | | REDACTED |

| Employment | From Application | From Experian |
|---|---|---|
| Applicant: | | REDACTED |

## Criminal History

**From On-Site.com**

| Requested For | Location Searched | Period Searched | Requested | Returned |
|---|---|---|---|---|
| Chauncey George | Contra Costa, California | 10/14/2009 - 10/14/2016 | 10/14/2016 | 10/18/2016 |

| Case Number | County | Name on Record | Birth Date | Charges |
|---|---|---|---|---|
| REDACTED | | | | 4/19/2016 - Misdemeanor (Guilty) |
| | | | | 4/19/2016 - Misdemeanor (Guilty) |
| | | | | 4/19/2016 - Misdemeanor (Guilty) |

Rental Report for Chauncey George, 10/14/2016 at CRESC... PARK

| Requested For | Location Searched | Payload Searched | Requested | Returned |
|---|---|---|---|---|
| Chauncey George | Multi-State: AK, AL, AR, AZ, CA, CO, CT, DE, FL, GA, HI, IA, ID, IL, IN, KS, KY, LA, MA, MD, ME, MI, MN, MO, MS, MT, NC, ND, NE, NH, NJ, NM, NV, NY, OH, OK, OR, PA, RI, SC, SD, TN, TX, UT, VA, VT, WA, WI, WV, WY | 10/14/2009 - 10/14/2016 | 10/14/2016 | 10/14/2016 |

| Results |
|---|
| No Records Found |

## National Sex Offender Registry History

**From On-Site.com**

| Requested For | Date Requested | Date Returned |
|---|---|---|
| Chauncey George | 10/14/2016 | 10/14/2016 |

| Results |
|---|
| No Records Found |

## Landlord Tenant Court Records

**From On-Site.com**

There were no previous Landlord Tenant Court records found.

## OFAC SDN/Terrorist Watchlist Search

**From On-Site.com**

| Requested For | Results | Returned |
|---|---|---|
| Chauncey George | No records found | 10/14/2016 |

REDACTED





EXHIBIT B
PAGE 20

# Exhibit B



E A H

PROPERTY MANAGEMENT OFFICE:

# CRESCENT PARK APARTMENTS

**5004 Hartnett Ave.**
**Phone: 510-237-5377**
**Fax: 510-237-2188**
TDD: 1.800.735.2929

## NOTICE OF APPLICATION INELIGIBILITY

October 31, 2016

Chauncey George
    REDACTED

Dear Applicant,

Please be advised that we have determined that your family is ineligible to participate in the housing program offered at our property and have removed your application from our waiting list. Your application has been determined to be ineligible because:

❑    Your income exceeds our income limits.

❑    Your income does not meet our income minimum (non-subsidized units only)

☒    Your household adverse consumer credit information was declined; Obtained through On-Site.com, P.O. Box 1514, Los Altos, CA 94023, 866-266-7483.  You have the right to obtain a copy of your credit report.

❑    Your household has failed to disclose and document SSNs of all household members.

❑    Your household does not meet the requirements that allow a student household to participate in the housing program here.

❑    Your household failed to sign verification consent forms or the Authorization for Release of Information (forms HUD 9887 and HUD-9887-A)

❑    Your household has failed to provide the necessary information and/or documentation required to determine program eligibility.

❑    Your household includes family members who did not declare citizenship or noncitizen ship status, or sign a statement electing not to contend noncitizen status.  Please note that you are permitted to revise your application to exclude proposed family members who do not declare citizenship or eligible noncitizen status.

❑    Your household failed to respond to an interview letter or ALL adult household members failed to attend the eligibility interview.

❑    Your household does not meet our Resident Selection Criteria.

If you disagree with this determination, you have 14 days to respond in writing to this notice and to request an appeal meeting. If you desire such an informal meeting, we must hear from you by November 14, 2016, which is 14 days from today's date. If we do not hear from you by the close of business on the above date, the ineligibility determination shall be considered final. **Persons with disabilities have the right to request reasonable accommodations to participate in the informal hearing process.**

Sincerely,

Management

### EQUAL HOUSING OPPORTUNITY

It is the policy of EAH, Inc. not to discriminate against any person because of that person's race, color, religious creed, sex (gender), sexual orientation, marital status, national origin, ancestry, familial status (households with children under the age of 18), source of income, disability, medical condition or age.

Exhibit C

Rental Dispute Form

# RENTER RELATIONS

Renter Relations is here to help renters like you get the housing you need by reporting the most up-to-date information possible. If you believe that data contained within your rental report is inaccurate, please contact us as soon as possible.

**Submit the following form along with any supporting documents.**
While the materials listed may be necessary to process your dispute, they might not be sufficient to change the overall recommendation.



## Personal information
Must match the personal information on the rental report being disputed

*George*           *Chauncey*              *Erwin*
LAST NAME                FIRST NAME                    MIDDLE NAME

*N/A*          REDACTED                    REDACTED
ALIASES OR OTHER NAMES

SOCIAL SECURITY NUMBER OR TAX ID
                 REDACTED

CURRENT ADDRESS
                            REDACTED

CITY        REDACTED                STATE          ZIP

DAYTIME PHONE                        EMAIL ADDRESS

## Dispute details
Check the type of dispute and include any relevant documentation, such as those listed.

THIS LIST OF DOCUMENTS IS NOT EXHAUSTIVE

☐ **Credit/debt/collections records**
- Cancelled check
- Paid in Full letter from creditor or collection agency
- Court order granting discharge (bankruptcy)
- Police report of identity theft

☑ **Criminal records**
- Court order sealing the records
- Court order dismissing the case or reducing the charges
- Clearance letter
- Government-issued identification indicating that the renter is not the individual convicted of the crime

☐ **Housing court records**
- Court order dismissing the case
- Stipulation signed by the plaintiff dismissing the case
- An exculpatory letter from the plaintiff/landlord or plaintiff's attorney

**Describe the nature of your dispute**

*In Correct Dates*

(INCLUDE ADDITIONAL PAGES IF NECESSARY)

## Signature

*Chauncey George*

I DECLARE, UNDER PENALTY OF LAW, THAT TO THE BEST OF MY KNOWLEDGE, THE INFORMATION SUPPLIED ABOVE, AND ALL ACCOMPANYING INFORMATION IS TRUE AND CORRECT.

On-Site.com Renter Relations   307 Orchard City Drive, Suite 110, Campbell, CA 95008   Phone: (877) 222-0384

CASE NUMBER: CGC-18-570503   CHAUNCEY GEORGE VS. ON-SITE ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|  |  |
|---|---|
| DATE: | MAR-13-2019 |
| TIME: | 10:30AM |
| PLACE: | Department 610 |
|  | 400 McAllister Street |
|  | San Francisco, CA  94102-3680 |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

 

## Superior Court of California, County of San Francisco
### Alternative Dispute Resolution
### Program Information Package

> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP): ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

Operation: Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

Cost: BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

(B) MANDATORY SETTLEMENT CONFERENCES: Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO, in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

Operation: Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. TERI L. JACKSON
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Suzanne R. Bolanos          The Honorable Stephen M. Murphy
The Honorable Angela Bradstreet           The Honorable Joseph M. Quinn
The Honorable Andrew Y.S. Cheng           The Honorable James Robertson, II
The Honorable Samuel K. Feng              The Honorable John K. Stewart
The Honorable Curtis E.A. Karnow          The Honorable Richard B. Ulmer, Jr.
The Honorable Charlene P. Kiesselbach     The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed due to the judge's availability, every effort will be made to fulfill the parties' choice for a particular judge. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

07.2013/spa

## EJT-001-INFO   Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who will be taking part in an expedited jury trial—a trial that is shorter and has a smaller jury than a traditional jury trial.

> You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.29 and in rules 3.1545–3.1553 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *http://leginfo.legislature.ca.gov/faces/codes.xhtml.* The rules are at *www.courts.ca.gov/rules.*

### ① What is an expedited jury trial?

An expedited jury trial is a short trial, generally lasting only one or two days. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- The trial will be shorter. Each side has 5 hours to pick a jury, put on all its witnesses, show the jury its evidence, and argue its case.
- The jury will be smaller. There will be 8 jurors instead of 12.
- Choosing the jury will be faster. The parties will exercise fewer challenges.

### ② What cases have expedited jury trials?

- Mandatory expedited jury trials. All limited civil cases—cases where the demand for damages or the value of property at issue is $25,000 or less—come within the *mandatory expedited jury trial* procedures. These can be found in the Code of Civil Procedure, starting at section 630.20. Unless your case is an unlawful detainer (eviction) action, or meets one of the exceptions set out in the statute, it will be within the expedited jury trial procedures. These exceptions are explained more in ⑦ below.
  - Voluntary expedited jury trials. If your civil case is not a limited civil case, or even if it is, you can choose to take part in a *voluntary expedited jury trial,* if all the parties agree to do so. Voluntary expedited jury trials have the same shorter time frame and smaller jury that the

mandatory ones do, but have one other important aspect—all parties must waive their rights to appeal. In order to help keep down the costs of litigation, there are no appeals following a *voluntary* expedited jury trial except in very limited circumstances. These are explained more fully in ⑨.

### ③ Will the case be in front of a judge?

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney that the court appoints to act as a judge) will handle the trial.

### ④ Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### ⑤ Is the decision of the jury binding on the parties?

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties in an expedited jury trial, like in other kinds of trials, are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

### ⑥ How else is an expedited jury trial different?

The goal of the expedited jury trial process is to have shorter and less expensive trials.

- The cases that come within the mandatory expedited jury trial procedures are all limited civil actions, and they must proceed under the limited discovery and

EXHIBIT B
PAGE 30

| EJT-001-INFO | Expedited Jury Trial Information Sheet |

pretrial rules that apply to those actions. See Code of Civil Procedure sections 90–100.

○ The voluntary expedited jury trial rules set up some special procedures to help those cases have shorter and less expensive trials. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties in either kind of expedited jury trial can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need the jury to decide. The parties can agree to modify many of the rules that apply to trials generally or to any pretrial aspect of the expedited jury trials.

**7** Do I have to have an expedited jury trial if my case is for $25,000 or less?

Not always. There are some exceptions.

○ The mandatory expedited jury trial procedures do not apply to any unlawful detainer or eviction case.
○ Any party may ask to opt out of the procedures if the case meets any of the criteria set out in Code of Civil Procedure section 630.20(b), all of which are also described in item 2 of the *Request to Opt Out of Mandatory Expedited Jury Trial* (form EJT-003). Any request to opt out must be made on that form, and it must be made within a certain time period, as set out in Cal. Rules of Court, rule 3.1546(c). Any opposition must be filed within 15 days after the request has been served.

*The remainder of this information sheet applies only to voluntary expedited jury trials.*

**8** Who can take part in a voluntary expedited jury trial?

The process can be used in any civil case that the parties agree may be tried in one or two days. To have a voluntary expedited jury trial, both sides must want one. Each side must agree to all the rules described in **1**, and to waive most appeal rights. The agreements between the parties must be put into writing in a

document called *[Proposed] Consent Order for Voluntary Expedited Jury Trial*, which will be submitted to the court for approval. (Form EJT-020 may be used for this.) The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

**9** Why do I give up most of my rights to an appeal in a voluntary expedited jury trial?

To keep costs down and provide a faster end to the case, all parties who agree to take part in a voluntary expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

○ Misconduct of the judicial officer that materially affected substantial rights of a party;
○ Misconduct of the jury; or
○ Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

**10** Can I change my mind after agreeing to a voluntary expedited jury trial?

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in a voluntary expedited jury trial, that agreement is binding on both sides. It can be changed only if both sides want to change it or stop the process or if a court decides there are good reasons the voluntary expedited jury trial should not be used in the case. This is why it is important to talk to your attorney before agreeing to a voluntary expedited jury trial. This information sheet does not cover everything you may need to know about voluntary expedited jury trials. It only gives you an overview of the process and how it may affect your rights. You should discuss all the points covered here and any questions you have about expedited jury trials with an attorney before agreeing to a voluntary expedited jury trial.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br><br>ATTORNEY FOR *(Name)*:<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514<br><br>PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |

1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐   **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐   **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days     ☐ 90-120 days     ☐ Other (please specify) _____

☐   Other ADR process (describe) _____

2)   The parties agree that the ADR Process shall be completed by (date): _____

3)   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR 2   03/15          STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT<br>*(Check one):* ☐ UNLIMITED CASE ☐ LIMITED CASE<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:           Div.:            Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone,  by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint      *(Describe, including causes of action)*.

---

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]
CASE MANAGEMENT STATEMENT
Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

EXHIBIT B<br>PAGE 33

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐   The trial has been set for *(date):*
b.  ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐   days *(specify number):*
b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
f.  Fax number:
g.  Party represented:
☐   Additional representation is described in Attachment 8.

9.  **Preference**
☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221

b.  **Referral to judicial arbitration or civil action mediation** *(if available).*
(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

EXHIBIT B
PAGE 34

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify)*:
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. Economic litigation

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. Other issues

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. Meet and confer

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CASE MANAGEMENT STATEMENT



FOR OUTSTANDING ADR SERVICES

Voted into the **Hall of Fame** In The Recorder's "Best of" Poll

5 YEARS IN A ROW 2010 - 2014

# MEDIATION SERVICES



THE BAR ASSOCIATION OF SAN FRANCISCO

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yuhas, Esq.*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8 ½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq.*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement — we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

*Mark Abelson, Esq.*
*Campagnoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*



PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:

**www.sfbar.org/mediation**

**adr@sfbar.org** or **415-982-1600**

## Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
And more...

EXHIBIT B
PAGE 38

QUALITY · EXPERIENCE · TRUST

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

# WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:
Craig Davis  (268194)
Law Offices of Craig Davis
912 Cole Street
Suite 102
San Francisco, CA 94117

TELEPHONE NO.: (415) 857-5820     FAX NO.: (415) 795-4595
EMAIL ADDRESS: cdavis@craigdavislaw.com
ATTORNEY FOR: Plaintiff

**FOR COURT USE ONLY**

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**10/23/2018**
Clerk of the Court
BY:YOLANDA TABO-RAMII
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF: Chauncey George
DEFENDANT: On-Site; et al.

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CGC-18-570503 |
| | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. __X__ summons
   b. __X__ complaint
   c. __X__ Alternative Dispute Resolution (ADR) package
   d. ____ Civil Case Cover Sheet (served in complex cases only)
   e. ____ cross-complaint
   f. __X__ other (specify documents):
      Notice to Plaintiffs

3. a. Party served *(specify name of party as shown on documents served)*:
      RealPage, Inc.
   b. __X__ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)
      John Hallissy / Authorized to Accept Service

4. Address where the party was served:
      United Corporate Service, Inc., 608 University Avenue, Sacramento, CA 95825

5. I served the party *(check proper box)*
   a. __X__ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 10/18/2018  (2) at *(time):* 2:48 PM
   b. ____ **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ____ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ____ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ____ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ____ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where copies were left (Code Civ. Proc., 415.20). I mailed the documents on *(date):*        from *(city):*        **or** ____
      a declaration of mailing is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Job Number BMS-2018001139

EXHIBIT B
PAGE 40

| PLAINTIFF: Chauncey George | CASE NUMBER: |
|---|---|
| DEFENDANT: On-Site; et al. | CGC-18-570503 |

(5) ☐ I attached a **declaration of diligence** stating actions taken first to attempt personal service.

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*      (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):* RealPage, Inc.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: Demian Ross
   Firm: California Civil Process

b. Address: 5435 Palm Ave, Sacramento, CA 95841

c. Telephone number: (916) 373-9065

d. **The fee** for the service was: $38.90

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

        (i) ☒ owner ☐ employee ☐ independent contractor.

        (ii) Registration No.: RPS #2011-66

        (iii) County: Sacramento

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 10/23/2018

Demian Ross

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

Electronic Signature as Allowed by California Civil Code 1633.7

Page 2 of 2

**PROOF OF SERVICE OF SUMMONS**

Job Number BMS-2018001139

EXHIBIT B
PAGE 41