1  RONALD I. RAETHER (SBN 303118)
   JESSICA R. LOHR (SBN 302348)
2  **TROUTMAN SANDERS LLP**
   5 Park Plaza, Suite 1400
3  Irvine, CA 92614-2545
   Telephone:  (949) 622-2722
4  Facsimile:  (949) 622-2739
   ronald.raether@troutman.com
5  jessica.lohr@troutman.com

6  Attorneys for Defendants
   RealPage, Inc. and RP On-Site LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| CHAUNCEY GEORGE, | Case No. 4:18-cv-06961-YGR |
|---|---|
| Plaintiff, | **DEFENDANTS' ANSWER TO THE COMPLAINT** |
| v. | |
| ON-SITE, REALPAGE, INC., | |
| Defendants. | |

Defendant RP On-Site LLC, improperly named as "On-Site ("RP On-Site"), and Defendant RealPage, Inc. ("RealPage") (collectively, "Defendants"), through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure, answer the Complaint (the "Complaint") of Plaintiff Chauncey George ("Plaintiff"). Defendants deny all allegations in the Complaint that are not expressly admitted in this Answer. Furthermore, RealPage denies each and every allegation in the Complaint because it is not a proper party to this action. Specifically, the allegations in the Complaint are only properly directed towards the entity "RP On-Site LLC," which should be the only named defendant in this case.

Defendants respond to the specific allegations in the enumerated paragraphs in the Complaint as follows:

**Introduction**

1. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, deny the same.

2. The allegations in paragraph 2 of the Complaint refer to a document. RP On-Site denies the allegations in paragraph 2 to the extent those allegations are inconsistent with the document. RP On-Site lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint and, therefore, denies the same. No answer from RealPage is necessary to paragraph 2 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 2 of the Complaint.

3. The allegations in paragraph 3 of the Complaint refer to a document. RP On-Site denies the allegations in paragraph 3 to the extent those allegations are inconsistent with the document. RP On-Site denies the remaining allegations contained in paragraph 3 of the Complaint. No answer from RealPage is necessary to paragraph 3 of the Complaint because the allegations are directed at RP On-Site.

To the extent a response is required, RealPage denies the allegations in paragraph 3 of the Complaint.

4. RP On-Site admits that Plaintiff submitted disputes but denies the remaining allegations in paragraph 4 of the Complaint. No answer from RealPage is necessary to paragraph 4 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 4 of the Complaint.

**Parties**

5. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, deny the same.

6. RP On-Site denies the allegations contained in paragraph 6 of the Complaint. No answer from RealPage is necessary to paragraph 6 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 6 of the Complaint.

7. RealPage admits that it is a Delaware corporation and that it maintains its principal place of business in the State of Texas. Defendants deny the remaining allegations in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 8 are contrary to law, they are denied. Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 9 are contrary to law, they are denied. Defendants deny the remaining allegations in paragraph 9 of the Complaint.

///

///

## **Jurisdiction and Venue**

10.  The allegations in paragraph 10 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 10 are contrary to law, they are denied.

## **Statutory Background**

11.  The allegations in paragraph 11 of the Complaint purport to summarize California law.  Defendants deny the allegations in paragraph 11 of the Complaint to the extent those allegations are inconsistent with the law.

12.  The allegations in paragraph 12 of the Complaint purport to quote California statutes.  Defendants deny the allegations in paragraph 12 of the Complaint to the extent those allegations are inconsistent with those statutes.

13.  The allegations in paragraph 13 of the Complaint purport to quote California statutes.  Defendants deny the allegations in paragraph 13 of the Complaint to the extent those allegations are inconsistent with those statutes.

14.  The allegations in paragraph 14 of the Complaint purport to quote California statutes.  Defendants deny the allegations in paragraph 14 of the Complaint to the extent those allegations are inconsistent with those statutes.

15.  The allegations in paragraph 15 of the Complaint purport to quote California statutes.  Defendants deny the allegations in paragraph 15 of the Complaint to the extent those allegations are inconsistent with those statutes.

16.  The allegations in paragraph 16 of the Complaint purport to summarize California law.  Defendants deny the allegations in paragraph 16 of the Complaint to the extent those allegations are inconsistent with the law.

17.  The allegations in paragraph 17 of the Complaint purport to summarize California law.  Defendants deny the allegations in paragraph 17 of the Complaint to the extent those allegations are inconsistent with the law.

18. The allegations in paragraph 18 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 18 are contrary to law, they are denied.

19. The allegations in paragraph 19 of the Complaint purport to quote California statutes. Defendants deny the allegations in paragraph 19 of the Complaint to the extent those allegations are inconsistent with those statutes.

20. The allegations in paragraph 20 of the Complaint purport to quote California law. Defendants deny the allegations in paragraph 20 of the Complaint to the extent those allegations are inconsistent with the law.

21. The allegations in paragraph 21 of the Complaint purport to quote California statutes. Defendants deny the allegations in paragraph 21 of the Complaint to the extent those allegations are inconsistent with those statutes.

22. The allegations in paragraph 22 of the Complaint purport to summarize California law. Defendants deny the allegations in paragraph 22 of the Complaint to the extent those allegations are inconsistent with the law.

23. The allegations in paragraph 23 of the Complaint purport to summarize California law. Defendants deny the allegations in paragraph 23 of the Complaint to the extent those allegations are inconsistent with the law.

**Factual Allegations**

24. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, deny the same.

25. The allegations in paragraph 25 of the Complaint refer to a document. Defendants deny the allegations in paragraph 25 to the extent those allegations are inconsistent with the document.

26. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, deny the same.

27. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, deny the same.

28. RP On-Site admits that Crescent Park used RP On-Site's software to generate a background screening report regarding a "Chauncey George." No answer from RealPage is necessary to paragraph 28 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 28 of the Complaint.

29. RP On-Site admits that, among other things, it provides tenant screening services to various qualified third-parties, which may include public records information. RP On-Site denies the remaining allegations in paragraph 29 of the Complaint. No answer from RealPage is necessary to paragraph 29 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 30 are contrary to law, RP On-Site denies those allegations. No answer from RealPage is necessary to paragraph 30 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 30 of the Complaint.

31. The allegations in paragraph 31 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 31 are contrary to law, RP On-Site denies those allegations. No answer from RealPage is necessary to paragraph 31 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 31 of the Complaint.

1    32.    RP On-Site admits that it does not obtain public records information
2  through personal interviews, but denies that it has any obligation to do so.  No answer
3  from RealPage is necessary to paragraph 32 of the Complaint because the allegations
4  are directed at RP On-Site.  To the extent a response is required, RealPage denies the
5  allegations in paragraph 32 of the Complaint.
6    33.    RP On-Site admits that on or about October 14, 2016, Crescent Park
7  used RP On-Site's software to generate a background screening report regarding a
8  "Chauncey George."  RP On-Site acknowledges that Plaintiff purports to attach a
9  copy of a background screening report to the Complaint.  RP On-Site denies the
10 allegations in paragraph 33 to the extent that the attached document is inconsistent
11 with the background screening report.  No answer from RealPage is necessary to
12 paragraph 33 of the Complaint because the allegations are directed at RP On-Site.
13 To the extent a response is required, RealPage denies the allegations in paragraph 33
14 of the Complaint.
15   34.    The allegations in paragraph 34 of the Complaint refer to a document.
16 RP On-Site denies the allegations in paragraph 34 to the extent those allegations are
17 inconsistent with the document.  No answer from RealPage is necessary to paragraph
18 34 of the Complaint because the allegations are directed at RP On-Site.  To the extent
19 a response is required, RealPage denies the allegations in paragraph 34 of the
20 Complaint.
21   35.    The allegations in paragraph 35 of the Complaint refer to a document.
22 RP On-Site denies the allegations in paragraph 35 to the extent those allegations are
23 inconsistent with the document.  No answer from RealPage is necessary to paragraph
24 35 of the Complaint because the allegations are directed at RP On-Site.  To the extent
25 a response is required, RealPage denies the allegations in paragraph 35 of the
26 Complaint.
27   36.    The allegations in paragraph 36 of the Complaint purport to summarize
28 Plaintiff's criminal history.  RP On-Site denies the allegations in paragraph 36 to the

1  extent those allegations are inconsistent with Plaintiff's actual criminal history.  RP
2  On-Site lacks information sufficient to form a belief as to the truth of the remaining
3  allegations contained in paragraph 36 of the Complaint and, therefore, denies the
4  same.  No answer from RealPage is necessary to paragraph 36 of the Complaint
5  because the allegations are directed at RP On-Site.  To the extent a response is
6  required, RealPage denies the allegations in paragraph 36 of the Complaint.

7        37.     The allegations in paragraph 37 of the Complaint refer to a document.
8  RP On-Site denies the allegations in paragraph 37 to the extent those allegations are
9  inconsistent with the document.  RP On-Site lacks information sufficient to form a
10 belief as to the truth of the remaining allegations contained in paragraph 37 of the
11 Complaint and, therefore, denies the same.  No answer from RealPage is necessary
12 to paragraph 37 of the Complaint because the allegations are directed at RP On-Site.
13 To the extent a response is required, RealPage denies the allegations in paragraph 37
14 of the Complaint.

15       38.     The allegations in paragraph 38 of the Complaint refer to a document.
16 RP On-Site denies the allegations in paragraph 38 to the extent those allegations are
17 inconsistent with the document.  No answer from RealPage is necessary to paragraph
18 38 of the Complaint because the allegations are directed at RP On-Site.  To the extent
19 a response is required, RealPage denies the allegations in paragraph 38 of the
20 Complaint.

21       39.     The allegations in paragraph 39 of the Complaint refer to a document.
22 RP On-Site denies the allegations in paragraph 39 to the extent those allegations are
23 inconsistent with the document.  No answer from RealPage is necessary to paragraph
24 39 of the Complaint because the allegations are directed at RP On-Site.  To the extent
25 a response is required, RealPage denies the allegations in paragraph 39 of the
26 Complaint.

27       40.     The allegations in paragraph 40 of the Complaint refer to a document.
28 RP On-Site denies the allegations in paragraph 40 to the extent those allegations are

1  inconsistent with the document.  RP On-Site lacks information sufficient to form a
2  belief as to the truth of the remaining allegations contained in paragraph 40 of the
3  Complaint and, therefore, denies the same.  No answer from RealPage is necessary
4  to paragraph 40 of the Complaint because the allegations are directed at RP On-Site.
5  To the extent a response is required, RealPage denies the allegations in paragraph 40
6  of the Complaint.

7        41.    The allegations in paragraph 41 of the Complaint refer to a document.
8  RP On-Site denies the allegations in paragraph 41 to the extent those allegations are
9  inconsistent with the document.  RP On-Site lacks information sufficient to form a
10 belief as to the truth of the remaining allegations contained in paragraph 41 of the
11 Complaint and, therefore, denies the same.  No answer from RealPage is necessary
12 to paragraph 41 of the Complaint because the allegations are directed at RP On-Site.
13 To the extent a response is required, RealPage denies the allegations in paragraph 41
14 of the Complaint.

15       42.    The allegations in paragraph 42 of the Complaint purport to quote a
16 Ninth Circuit opinion.  Defendants deny the allegations in paragraph 42 of the
17 Complaint to the extent those allegations are inconsistent with that opinion.

18       43.    RP On-Site denies the allegations in paragraph 43 of the Complaint.  No
19 answer from RealPage is necessary to paragraph 43 of the Complaint because the
20 allegations are directed at RP On-Site.  To the extent a response is required, RealPage
21 denies the allegations in paragraph 43 of the Complaint.

22       44.    RP On-Site denies the allegations contained in paragraph 44 of the
23 Complaint.  No answer from RealPage is necessary to paragraph 44 of the Complaint
24 because the allegations are directed at RP On-Site.  To the extent a response is
25 required, RealPage denies the allegations in paragraph 44 of the Complaint.

26       45.    The allegations in paragraph 45 of the Complaint refer to documents.
27 RP On-Site denies the allegations in paragraph 45 to the extent those allegations are
28 inconsistent with the documents.  RP On-Site admits that it received those

documents.  No answer from RealPage is necessary to paragraph 45 of the Complaint because the allegations are directed at RP On-Site.  To the extent a response is required, RealPage denies the allegations in paragraph 45 of the Complaint.

46.   RP On-Site admits that it received a dispute from Bay Area Legal Aid on or about January 5, 2017.  The remaining allegations in paragraph 46 of the Complaint refer to a document.  RP On-Site denies the allegations in paragraph 46 to the extent those allegations are inconsistent with the document.  No answer from RealPage is necessary to paragraph 46 of the Complaint because the allegations are directed at RP On-Site.  To the extent a response is required, RealPage denies the allegations in paragraph 46 of the Complaint.

47.   RP On-Site denies the allegations in paragraph 47 of the Complaint.  No answer from RealPage is necessary to paragraph 47 of the Complaint because the allegations are directed at RP On-Site.  To the extent a response is required, RealPage denies the allegations in paragraph 47 of the Complaint.

48.   RP On-Site lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies the same.  No answer from RealPage is necessary to paragraph 48 of the Complaint because the allegations are directed at RP On-Site.  To the extent a response is required, RealPage denies the allegations in paragraph 48 of the Complaint.

49.   RP On-Site lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies the same.  No answer from RealPage is necessary to paragraph 49 of the Complaint because the allegations are directed at RP On-Site.  To the extent a response is required, RealPage denies the allegations in paragraph 49 of the Complaint.

50.   Defendants deny the allegations in paragraph 50 of the Complaint.

51.   The allegations in paragraph 51 of the Complaint purport to summarize text from RP On-Site's website.  RP On-Site denies the allegations in paragraph 51 to the extent those allegations are inconsistent with the text on RP On-Site's website.

No answer from RealPage is necessary to paragraph 51 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. The allegations in paragraph 53 of the Complaint refer to a document. Defendants deny the allegations in paragraph 53 to the extent those allegations are inconsistent with the document.

54. The allegations in paragraph 54 of the Complaint refer to a document. Defendants deny the allegations in paragraph 54 to the extent those allegations are inconsistent with the document.

55. RP On-Site admits that it did not respond to the August 10, 2018 letter identified in paragraph 55 of the Complaint but denies that it had any obligation to do so. No answer from RealPage is necessary to paragraph 55 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 55 of the Complaint.

56. RP On-Site denies the allegations in paragraph 56 of the Complaint. No answer from RealPage is necessary to paragraph 56 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 56 of the Complaint.

57. RP On-Site lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and, therefore, denies the same. No answer from RealPage is necessary to paragraph 57 of the Complaint because the allegations are directed at RP On-Site. To the extent a response is required, RealPage denies the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

///

///

**First Cause of Action**

60. Defendants repeat their answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

**Second Cause of Action**

65. Defendants repeat their answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. The allegations in paragraph 68 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 68 are contrary to law, RP On-Site denies those allegations.  RealPage denies the allegations in paragraph 68 of the Complaint

**Third Cause of Action**

69. Defendants repeat their answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

**Fourth Cause of Action**

73. Defendants repeat their answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

74. The allegations in paragraph 74 of the Complaint purport to quote California statutes.  Defendants deny the allegations in paragraph 74 of the Complaint to the extent those allegations are inconsistent with those statutes.

1    75.    Defendants deny the allegations in paragraph 75 of the Complaint.

2    76.    Defendants deny the allegations in paragraph 76 of the Complaint.

3    77.    Defendants deny the allegations in paragraph 77 of the Complaint.

### Fifth Cause of Action

78.    Defendants repeat their answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

79.    The allegations in paragraph 79 of the Complaint purport to quote California statutes. Defendants deny the allegations in paragraph 79 of the Complaint to the extent those allegations are inconsistent with those statutes.

80.    Defendants deny the allegations in paragraph 80 of the Complaint.

81.    Defendants deny the allegations in paragraph 81 of the Complaint.

82.    The allegations in paragraph 82 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 82 are contrary to law, RP On-Site denies those allegations. RealPage denies the allegations in paragraph 82 of the Complaint.

### Sixth Cause of Action

83.    Defendants repeat their answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

84.    The allegations in paragraph 84 of the Complaint purport to quote California statutes. Defendants deny the allegations in paragraph 84 of the Complaint to the extent those allegations are inconsistent with those statutes.

85.    Defendants deny the allegations in paragraph 85 of the Complaint.

86.    The allegations in paragraph 86 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 86 are contrary to law, RP On-Site denies those allegations. RP On-Site lacks information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 86 of the Complaint and, therefore, denies the same. RealPage denies the allegations in paragraph 86 of the Complaint.

87. The allegations in paragraph 87 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 87 are contrary to law, RP On-Site denies those allegations. RealPage denies the allegations in paragraph 87 of the Complaint.

### Prayer for Relief

Defendants deny the allegations contained in the unnumbered paragraph beginning with "WHEREFORE" following paragraph 87 of the Complaint and further deny that Plaintiff is entitled to any of the relief requested therein.

### Jury Trial Demand

Defendants acknowledge that Plaintiff demands a trial by jury. Defendants deny the remaining allegations in the unnumbered paragraph on page 12 of the Complaint.

### ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that Defendants bear the burden of proof as to any of them, Defendants assert the following defenses. Defendants intend to rely on any additional defenses that may become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

### FIRST ADDITIONAL DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against Defendants, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from Defendants.

### SECOND ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that it is barred because all information Defendants communicated to any third person regarding Plaintiff was accurate.

### THIRD ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* ("CCRAA"); the Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.* ("ICRAA"); or the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that, at all relevant times with respect to Plaintiff, Defendants acted in good faith and complied fully with the CCRAA, the ICRAA, and the UCL.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that Plaintiff's purported damages, which Defendants continue to deny, were the result of acts or omissions of third persons over whom Defendants had neither control nor responsibility, or were the result of Plaintiff's own prior conduct.

### SIXTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks statutory or Constitutional standing due to a lack of a concrete and particularized injury-in-fact.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

### EIGHTH ADDITIONAL DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

///

///

**NINTH ADDITIONAL DEFENSE**

Plaintiff cannot recover against Defendants to the extent that some or all of his claims for relief in the Complaint are barred by applicable statutes of limitation, including but not limited to Cal Civ. Code § 1785.33, Cal. Civ. Code § 1786.52, Cal. Bus. & Prof. Code § 17208, or by the doctrine of laches.

**TENTH ADDITIONAL DEFENSE**

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against Defendants, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. Defendants are also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

**ELEVENTH ADDITIONAL DEFENSE**

Any damages allegedly suffered by Plaintiff were not caused by Defendants, but by intervening causes.

**TWELFTH ADDITIONAL DEFENSE**

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

**THIRTEENTH ADDITIONAL DEFENSE**

Any violation of the CCRAA by Defendants, if any, was unintentional or the result of bona fide error notwithstanding the maintenance of policies and procedures reasonably adapted to avoid such errors.

**FOURTEENTH ADDITIONAL DEFENSE**

Plaintiff has not suffered and will not suffer any damages by reason of the alleged acts or omissions attributed to Defendants, and therefore, Plaintiff has no valid claim against Defendants.

**FIFTEENTH ADDITIONAL DEFENSE**

Defendants reserve the right to assert additional defenses as they become known.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants request that this Court enter a judgment:

1. denying Plaintiff any and all relief in this case;
2. dismissing Plaintiff's claims in their entirety;
3. dismissing this case in its entirety with prejudice;
4. awarding Defendants their costs and attorneys' fees incurred in this case; and
5. granting Defendants all other relief that the Court deems just and proper.

Dated:   December 7, 2018              **TROUTMAN SANDERS LLP**

By: */s/ Jessica Lohr*
Ronald I. Raether
Jessica R. Lohr

Attorneys for Defendants